**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Order Filed on July 22, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| |
|---|
| FRENKEL LAMBERT WEISS WEISMAN & GORDON, LLP<br>80 Main Street, Suite 460<br>West Orange, NJ 07052<br>973- 325-8800<br>File No.: 03-014875-B03<br>Douglas McDonough, Esq.<br>Attorney ID: DM0973<br>DMcDonough@flwlaw.com<br>Attorney for Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp., Mortgage Pass-Through Certificates Series 2006-4, Secured Creditor |

Case No.: **21-15285-CMG**

Chapter 13

Judge Christine M. Gravelle

In Re:

**Mayella K Luna,**

　　　　　　　　　　Debtor(s).

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION
### TO CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is hereby

**ORDERED**

**DATED: July 22, 2021**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

(Page 2 of 3)

Debtor: Mayella K Luna
Case No.: 21-15285-CMG
Caption of Order: Order Resolving Secured Creditor's Objection to Chapter 13 Plan

---

This matter having been brought before the Court by Mayella K Luna (the "Debtor(s)") by and through counsel, Rudikh and Associates, with the filing of a proposed Chapter 13 Plan, and an objection to confirmation of the Chapter 13 Plan having been filed by Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp., Mortgage Pass-Through Certificates Series 2006-4 (the "Secured Creditor"), who holds a mortgage on the real property located at 50 Saint Andrews Court, Lakewood, NJ 08701 (the "Subject Property"), and this Court having considered the submissions of the parties and the parties having addressed the objection, and for good cause having been shown; it is ORDERED

1. That Secured Creditor's objection to confirmation is hereby overruled subject to the following conditions.

2. That the arrearage claims of Secured Creditor, as reflected in Secured Creditor's Filed Proof of Claim shall be paid in full through any confirmed Chapter 13 Plan.

3. That should the Debtor(s) file a proposed Modified Chapter 13 Plan in the future, this Order shall apply to any confirmed Modified Chapter 13 Plan.

4. That Secured Creditor retains the right to object to any proposed Modified Chapter 13 plan.

5. That Debtor(s) shall make all post-petition payments in accordance with the terms of the Note, Mortgage, and any Notice of Payment Change or Loan Modification agreed to between the Secured Creditor and the Debtor(s).

6. That Debtor(s) retain(s) the right to object to Secured Creditor's Proof of Claim and any Notice of Payment Change.

7. In the event this case is converted to Chapter 7, the Debtor(s) shall cure all arrears within ten (10) days from the date of conversion to bring the account contractually current.

Debtor: Mayella K Luna
Case No.: 21-15285-CMG
Caption of Order: Order Resolving Secured Creditor's Objection to Chapter 13 Plan

8. If the loan is not brought current within ten (10) days of any conversion to Chapter 7, then the Secured Creditor may obtain an Order Vacating the Automatic Stay as to the Subject Property by filing with the Bankruptcy Court a Certification of Default specifying the failure to comply with this Order.

9. Any Certification of Default filed pursuant to the Order shall be served on the Trustee, the Debtor(s) and Counsel for the Debtor(s).